# United States Court of Appeals for the Fifth Circuit

————————

No. 23-60026
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2023

Lyle W. Cayce
Clerk

Rizwan Rahim Bhai Sunesara,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 945 187

————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Rizwan Rahim Bhai Sunesara, a native and citizen of India, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) ordering him removed, finding him not credible, and denying his application for

————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-60026

asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  Because the BIA's determinations concerning credibility and CAT relief are reviewed for substantial evidence, we will not disturb them unless the evidence "compel[s]" a contrary conclusion.  *Singh v. Sessions*, 880 F.3d 220, 224-25 (5th Cir. 2018).  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Sunesara fails to address, and thus abandons any challenge he may have had to, the BIA's determination that he had not shown he was part of the *Mendez Rojas*[1] class and his asylum application was thus statutorily barred.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  His general argument that the inconsistencies amongst his testimony, credible fear interview, applications and statements were minor and concerned temporally remote events does not show that the evidence compels a conclusion contrary to that of the BIA on the issue whether he was credible. *See Singh*, 880 F.3d at 224-25; *see Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020).  The adverse credibility finding, standing alone, suffices to deny his withholding claim.  *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994); *Arulnanthy v. Garland*, 17 F.4th 586, 597-98 (5th Cir. 2021).  We thus decline to consider his remaining arguments concerning this form of relief.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).  He fails to brief, and has thus abandoned any challenge he may have had to, the BIA's rejection of his CAT claim.  *See Soadjede,* 324 F.3d at 833.  Finally, although he mentions due process in connection with the denial of a continuance, he raises no arguments related to this concept and thus has not raised a viable due process claim.  *See id.*; Fed. R. App. P. 28(a)(8)(A).  The petition for review is DENIED.

_____

[1] *Mendez Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018).